TATE, Justice
(concurring).
The writer fully concurs in the holdings of the majority.
With regard to damages, the majority’s award is limited to the normal residual from the fracture received at the time of the accident. The majority disallows any additional award from the “re”-injury while sleepwalking. I concur with the majority, upon the express understanding that this disallowance of additional recovery is based upon its findings that the “re”-injury and its permanent residual would have occurred, whether or not the boy’s leg was weakened by the tort-caused initial fracture — that is, upon the understanding that the original tort-caused fracture did not contribute at all to (a) the sleepwalking fall, (b) the “re”-injury occasioned thereby, and (c) the permanent residual resulting therefrom.
*123 If, on the other hand, the subsequent accident or subsequent residual would not have occurred without the tort-impaired condition, then the tortfeasors are liable for all such consequences to which the original tort contributed. See: Restatement of Torts, Second, Section 460 (1965); Restatement of Torts, First, Section 917 (1939); Prosser on Torts, Section 44, esp. at pp. 279, 280-281, Section 52, esp. at pp. 315-16 and pp. 320-21 (4th ed., 1971); Eble v. City of New Orleans, 181 So.2d 805 (La.App. 4th Cir., 1966).
I respectfully concur.